PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY GEORGE, | ) | CASE NO.   1:08-CV-2228 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| RICHARD GANSHEIMER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Before the Magistrate Judge is Anthony George's ("George" or "Petitioner") petition

seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF No. 1.  George is

incarcerated at the Lake Erie Correctional Institution serving an aggregate sentence of eight years

and five months imposed for a burglary and menacing by stalking conviction.[2]  *See*

http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for

current status of and basis for Daniels' incarceration).

George raises four grounds for relief in his petition.  ECF No. 1 at 4-5.  Warden

Gansheimer ("Respondent") acknowledges having custody of George as a result of his state

conviction but asserts that George's petition is statutorily time-barred and that all of George's

grounds for relief are procedurally defaulted, that Grounds One and Two are not cognizable, and

---

[1]  Pursuant to General Order 2008-17, this case was reassigned to the docket of the
undersigned Magistrate Judge.  *See* non-document docket entry dated September 3, 2008.

[2]  Additionally, George received suspended sentences of six months each for violating a
protection order and criminal damaging.

(1:08-CV-2228)

Grounds Three and Four lack merit.  ECF No. 10.  Without explicitly conceding that his petition

was untimely filed, George argues that his actual innocence is sufficient to equitably toll the one-

year statute of limitations, therefore, his petition is not time-barred.  Assuming he successfully

passes through the time-bar gateway, George alleges that his grounds for relief are cognizable,

not procedurally defaulted, and have merit.[3]  ECF Nos. 12 & 15.

Having reviewed the record and applicable law, the Court finds that George's petition is

statutorily time-barred and that equitable tolling does not apply.  Accordingly, the undersigned

Magistrate Judge recommends denying George's petition for a writ of habeas corpus as time-

barred and dismissing the petition in its entirety with prejudice.

## I.  Procedural History

### A.  Underlying Offense, Plea, and Sentencing

The Cuyahoga County Grand Jury issued a nine count indictment in January 2005 to

which George entered a plea of not guilty.  ECF No. 10-2 at 7-9 (Ex. 1), 10 (Ex. 2).  On March

23, 2005, George appeared with counsel in the Court of Common Pleas, Cuyahoga County, Ohio,

where he withdrew his pleas of not guilty and entered a plea of guilty to one count of burglary,

one count of violating a protection order, one count of criminal damaging, and one count of

menacing by stalking, Counts 1, 2, 4, & 5 of the indictment, respectively.  The remaining counts

---

[3]  In his supplemental traverse, George asserts an additional ground for relief that he did not present in his petition.  Accordingly, the Court will not address this ground for relief because it is not properly before the Court.  *Murphy v. Ohio*, 551 F.3d 485, 501 (6th Cir. 2009) (*citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (a district court may decline to review a claim that a party raises for the first time in his traverse)).

-2-

(1:08-CV-2228)

were nolled (Counts 3, 6, 7, 8, & 9).  ECF No. 10-2 at 11 (Ex. 3).

On April 12, 2005, the trial court imposed a term of seven years incarceration on Count 1

(burglary) and seventeen months incarceration on Count 5 (menacing by stalking) to run

consecutively.  ECF No. 10-2 at 13 (Ex. 4).  The trial court also imposed suspended six-month

terms of incarceration on Counts 2 (violating a protection order) & 4 (criminal damaging).  ECF

No. 10-2 at 13 (Ex. 4).

### B.  Motion to Modify or Reconsideration of Sentence

On July 14, 2005, George filed a *pro se* motion to modify or reconsider his sentence.

ECF No. 10-2 at 14-16 (Ex. 5).  In his motion, George apologized to the trial court for his

behavior and asked to be placed in a half-way house in lieu of serving his prison sentence.  ECF

No. 10-2 at 14-15 (Ex. 5).  The trial court summarily denied George's motion on July 25, 2005.

ECF No. 10-2 at 18 (Ex. 6).  George did not appeal the trial court's denial.

### C.  First Motion for Leave to File a Delayed Appeal

On October 27, 2005, George, again *pro se*, filed a notice of appeal and a motion for

leave to file a delayed appeal in the Cuyahoga County Court of Appeals, Eighth Appellate

District ("State Court of Appeals").  ECF No. 10-2 at 19-33 (Ex. 7) & 34-36 (Ex. 8).  George

provided two reasons for his failure to timely file his direct appeal: (1) that he had no access to a

law library or legal material while detained at "the reception facility" until June 22, 2005, and (2)

that "[t]he trial court, nor defense counsel advised [him] that an appeal was possible before,

during or subsequent to rendering [his] plea to the court, as required under Crim. R. 32(B)."

ECF No. 10-2 at 35 (Ex. 8).  George further stated that he "had no idea that an appeal could be

(1:08-CV-2228)

filed . . . ."  ECF No. 10-2 at 35 (Ex. 8).  George set forth six "probable issues for review."  ECF No. 10-2 at 36 (Ex. 8).

On November 29, 2005, the State Court of Appeals summarily denied George's motion for leave to file a delayed appeal.  ECF No. 10-2 at 37 (Ex. 9).  George did not appeal that denial to the Supreme Court of Ohio.

### D.  Motion to Withdraw Guilty Plea

On November 18, 2005, George, *pro se*, filed a motion to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1.  ECF No. 10-2 at 38 (Ex. 10).  The trial court summarily denied George's motion on November 23, 2005.  ECF No. 10-2 at 45 (Ex. 11).

Subsequently, George filed a *pro se* notice of appeal on December 21, 2005.  ECF No. 10-2 at 46 (Ex. 12).  George set forth two assignments of error in his brief to the State Court of Appeals filed on March 20, 2006[4]:

> Assignment of Error No. 1  The trial court abused its discretion by denying appellants motion to with draw guilty plea due ineffective assistance of counsel.
>
> Assignment of Error No. 2 The appellant received ineffective assistance in violation of his rights pursuant to the Sixth Amendment to the United states Constitution and Section 10, Article 1 of the Ohio Constitution.

ECF No. 10-2 at 75 & 77 (Ex. 13).  After the parties submitted additional briefing as ordered, the State Court of Appeals denied George's appeal and affirmed the judgment of the trial court.  ECF No. 10-2 at 143 (Ex. 19).  The State Court of Appeals overruled George's assignments of error on October 2, 2006, "because [he] has not demonstrated, either by means of a transcript or

---

[4]  George's assignments of error are reprinted as presented in his brief.

(1:08-CV-2228)

citation to appropriate legal authority, a manifest injustice sufficient to find that this post-

sentence motion to withdraw a guilty plea should be granted." ECF No. 10-2 at 143 (Ex. 19)

(citations omitted).  George did not appeal this decision to the Supreme Court of Ohio.

### E.  Post-Conviction Petition

On February 28, 2006,  George filed a *pro se* post-conviction petition pursuant to O.R.C.

§ 2953.21 wherein he asserted the following constitutional claim[5]:

> Ineffective assistance, connotes lack of due process of law, my attorney advised me
> to plead to a F-2 burglary when the crime that was committed wasn't nothing but a
> M-4 criminal trespass, or M-1 aggravated trespass, because the trespass occurred on
> the outside of the house on the land not the inside of occupied structure.

ECF No. 10-2 at 147 (Ex. 20).  The trial court denied George's post-conviction petition as

"untimely filed" on March 22, 2006.  ECF No. 10-2 at 159 (Ex. 22).  George did not file an

appeal of this decision.

George, acting *pro se*, filed a motion for leave to amend or supplement his petition on

August 31, 2007 — almost a year and a half after the trial court's denial.  ECF No. 10-2 at 160-

80 (Exs. 23 & 24).  George claimed the amendment to the petition is "based upon newly

discovered evidence contained in the Grand Jury Indictment," that "there has not been a finding

of facts and conclusion of law in this case," and because he "was denied [his] right to Direct

Appeals . . . [that] prevented a timely application."  ECF No. 10-2 at 160-61, 163 (Exs. 23 & 24).

The trial court summarily denied the motion to amend on September 13, 2007.  ECF No. 10-3 at

1 (Ex. 25).

---

[5] George's claim is reprinted as presented in his petition.

(1:08-CV-2228)

On October 13, 2007 and in response to the trial court's denial, George, *pro se*, filed a petition for a writ of *procedendo* in the State Court of Appeals where he sought an order requiring the trial court to issue findings of facts and conclusions of law for the denial of his post-conviction petition. ECF No. 10-3 at 40-50 (Ex. 33). The State Court of Appeals issued its opinion denying George's petition for the writ on December 11, 2007. ECF No. 10-3 at 64-70 (Ex. 37). On January 11, 2008, George, again *pro se*, filed a notice of appeal to the Supreme Court of Ohio. ECF No. 10-3 at 72 (Ex. 39). The Supreme Court of Ohio affirmed the judgment of the State Court of Appeals on June 11, 2008. ECF No. 10-3 at 130 (Ex. 44). The Supreme Court of Ohio held that (1) a trial court judge "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief"; (2) a writ of *procedendo* is not warranted "if an adequate remedy exists in the ordinary course of law"; and (3) "reliance on United States Supreme court cases interpreting procedural default with regard to federal habeas corpus is misplaced." *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 407, 889 N.E.2d 533 (Ohio 2008) (citations omitted). George did not appeal this decision to the United States Supreme Court.

### F.  Second Motion for Leave to File a Delayed Appeal

Immediately prior to filing his appeal to the Supreme Court of Ohio seeking the writ of *procedendo*, George filed, *pro se*, a second motion for leave to file a delayed appeal of his 2005 conviction and sentence on January 8, 2007. ECF No. 10-3 at 20-24 (Ex. 28). George argued, for the second time, that the trial court and defense counsel "failed to inform [him] of his right to appeal." ECF No. 10-3 at 21-22 (Ex. 28). The State Court of Appeals summarily denied George

-6-

(1:08-CV-2228)

leave to file a delayed appeal on February 15, 2007.  ECF No. 10-3 at 25 (Ex. 29).  On March 29,

2007, George filed a *pro se* notice of appeal memorandum in support to the Supreme Court of

Ohio wherein he set forth one proposition of law:

> As a matter of law, a court of appeals may not dismiss a motion for leave to appeal
> by an indigent convicted defendant without first determining whether he was notified
> of his right to appeal and his right to court appointed counsel for such an appeal.

ECF No. 10-3 at 33 (Ex. 31).  The Supreme Court of Ohio "decline[d] jurisdiction to hear the

case and dismisse[d] the appeal as not involving any substantial constitutional question" on July

25, 2007.  ECF No. 10-3 at 39 (Ex. 32).  George did not appeal this decision to the United States

Supreme Court.

### E.  **Federal Habeas Petition**

George filed his petition for a writ of habeas corpus, *pro se*, on September 12, 2008[6],

presenting four grounds for relief[7]:

> Ground One:  The trial court lacked subject-matter jurisdiction to accept petitioner's
> guilty plea where the indictment is defective.

> Ground Two:  Petitioner was denied his constitutional rights to direct appeal as of
> right.

> Ground Three:  Trial counsel's assistance fail below the standard of competency
> required under the 6th Amendment.

> Ground Four:   Petitioner's guilty pleas was unknowingly, involuntarily and

---

[6]  George signed his petition on September 12, 2008.  The Clerk of Court for the Northern
District of Ohio received George's petition on September 19, 2008.  According to the prison
mailbox rule, the date George signed his petition is considered the filing date.  *See Houston v.
Lack*, 487 U.S. 266, 270 (1988).

[7]  George's grounds for relief are reprinted as presented in his petition.

(1:08-CV-2228)

unintelligently entered.

ECF No. 1 at 4-5.  As stated above, Respondent asserts that George's petition is statutorily time-barred; that all of his grounds for relief are procedurally defaulted, as Grounds One and Two are not cognizable and that Grounds Three and Four lack merit.  ECF No. 10.  In response and without actually conceding that his habeas petition was filed late, George relies upon equitable tolling due to actual innocence and claims that his grounds for relief are cognizable, are not procedurally defaulted, and have merit.  ECF Nos. 6, 12 & 15.

## II.  **Procedural Gateways to Review**

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways to qualify for federal habeas corpus review.  Failure to successfully pass through even one gateway may justify dismissal of the petition with prejudice.  The requisite gateways and their application to the instant petition are provided below, to the extent necessary.  Because George's petition, as explained below, was filed late – beyond the one-year statute of limitations and the tardiness is not excusable *via* statutory or equitable tolling – the undersigned does not undertake a review of the merits nor the non-applicable procedural gateways.[8]

---

[8]  Respondent asserts that the claims in George's first motion for delayed appeal are unexhausted because George did not appeal the denial to the Supreme Court of Ohio.  ECF No. 10 at 25.  Additionally, Respondent submits that the Court should not grant a stay to allow George to exhaust these claims.  ECF No. 10 at 25.  Without determining whether George's claims are unexhausted, Respondent's argument is moot given that George's entire petition (as explained below) is time-barred.  Additionally, granting a stay and allowing George to exhaust these claims would be futile as the time-barred status of his petition would not change.  *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir.2005) ("This Court has also held that a habeas court should excuse exhaustion where further action in state court "would be an exercise in futility.")

(1:08-CV-2228)

**A.  Jurisdiction**

Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody
> under the judgment and sentence of a State court which contains two or more Federal
> judicial districts, the application may be filed in the district court for the district
> within which the State court was held which convicted and sentenced him and each
> of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

George was convicted in the Court of Common Pleas in Cuyahoga County, Ohio, which

is within the Northern District of Ohio.  This Court, therefore, has jurisdiction over George's

petition.

**B.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-

year statute of limitations period for federal habeas petitions filed by prisoners challenging state-

court convictions after its April 24, 1996 effective date.  28 U.S.C. § 2244(d); *McCray v.*

*Vasbinder,* 499 F.3d 568, 571 (6th Cir. 2007).  The one-year period begins to run on the date

judgment became final.  28 U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685-86

(2009).  As this one-year period is not a jurisdictional bar, a petitioner may have an untimely

petition reviewed if the petitioner establishes that the doctrine of equitable tolling applies.

*Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).

According to the analysis below, George's petition is time-barred pursuant to 28 U.S.C. §

_____

(internal citation omitted).

(1:08-CV-2228)

2244(d).  After examining the applicability of traditional equitable tolling and actual innocence, pursuant to Sixth Circuit case law, the undersigned finds that George's petition was not filed within the one-year limitations and he presents no facts or circumstances to circumvent the one-year statute of limitations.  That procedural fault, alone, is justification for the recommendation that George's entire petition be dismissed with prejudice.

### III.  Analysis

#### A.  Statutory Tolling of the One-Year Statute of Limitations

28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-

>  (A)  the date on which the judgment became final by conclusion of direct review or the expiration of time for seeking such review;

>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by state action;

>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

George pleaded guilty on March 23, 2005, and the trial court sentenced him on April 12,

(1:08-CV-2228)

2005.[9]  The one-year statute of limitations began to run (as explained in greater detail below) on

May 13, 2005.  As applied to George, Title 28 U.S.C. § 2244(d)(1)(A) controls the one-year

limitations period analysis.  Ohio rules permit thirty days to file a direct appeal.  Ohio App. R.

Rule 4(a).  In his Return of Writ, Respondent relies on § 2244(d)(1)(A) to render George' habeas

petition time-barred.  In its well-documented analysis, Respondent calculates that George's

limitations period began to run the day after the 30-day time period had expired for George to

timely file a direct appeal, May 13, 2005.  ECF No. 10 at 10.  Because George did not file a

timely direct appeal of his sentence, the limitations period began on May 13, 2005.  Thus, absent

any additional tolling, George would have been required to file his habeas petition by May 13,

2006, one year later.

        Prior to May 13, 2006, the limitations period had run for 167 days when George filed his

first motion for leave to file a delayed appeal on October 27, 2005.[10]  ECF No. 10-2 at 34-36 (Ex.

8).  George's motion for leave to file a delayed appeal tolled the limitations period.  While that

motion was pending before the State Court of Appeals, George, *pro se*, filed a motion in the trial

court to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1 on November 18, 2005.

ECF No. 10-2 at 38 (Ex. 10).  This motion and George's appeal of the trial court's denial tolled

---

        [9]  George pleaded guilty to: Count 1 (burglary), Count 2 (violating a protection order),
Count 4 (criminal damaging), and Count 5 (menacing by stalking).  ECF No. 10-2 at 13 (Ex. 4).

        [10]  George's July 14, 2005 motion to modify or reconsider his sentence did not toll the
statute of limitations because it does not qualify as a collateral review of the judgment according
to 28 U.S.C. § 2244(d)(2)'s tolling provision.  28 U.S.C. § 2244(d)(2) ("The time during which a
properly filed application for State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward any period of limitation under
this subsection.").

(1:08-CV-2228)

the limitations period as well until 45 days after the State Court of Appeals affirmed the trial

court's judgment on October 2, 2006, because George did not appeal the State Court of Appeals'

decision to the Supreme Court of Ohio.  ECF No. 10-2 at 143 (Ex. 19).  Thereupon, the

limitations period began to run again on the next day, October 3, 2006.[11]  It ran for 52 days until

January 8, 2007, when George filed his second motion for delayed direct appeal.  At that point,

only 146 days of George's one-year limitations period remained.

The limitations period remained tolled from January 8, 2007, until the Supreme Court of

Ohio denied George leave to appeal on July 25, 2007.  ECF No. 10-3 at 39 (Ex. 32).  Without

additional tolling, George's remaining 146 days of the statute of limitations period expired on

December 18, 2007.  George did not file his petition for a writ of habeas corpus until September

12, 2008 — approximately nine months after the limitations period had ended.  As a result, his

petition was clearly filed beyond the time permitted by statute for filing.  Below, the undersigned

explores additional tolling mechanisms and their applicability to George's petition.

### 1.     Petition for Post Conviction Relief

George filed a petition for state post-conviction relief on February 28, 2006.  That filing

did not toll the statute of limitations because it was untimely.

On March 22, 2006, the trial court denied the petition as "untimely filed."  ECF No. 10-2

---

[11]  On November 29, 2005, the State Court of Appeals summarily denied George's first
motion for leave to file a delayed appeal.  ECF No. 10-2 at 37 (Ex. 9).  George did not appeal this
decision to the Supreme Court of Ohio. Accordingly, this motion did not effect the continued
tolling of the limitations period because the motion to withdraw George's guilty plea continued
to toll well after the State Court of Appeals' denial (and the 45 days in which to appeal) of
George's first motion for leave to file a delayed appeal.

(1:08-CV-2228)

at 159 (Ex. 22).  A petitioner is entitled to tolling of the one-year limitations period during such

period based on pending and "properly filed" applications for state post-conviction relief or other

collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Bronaugh v. Ohio*, 235 F.3d 280, 285 n.7

(6th Cir. 2000).  A state post-conviction relief petition (or collateral proceeding) is "properly

filed" under the statute if it meets the applicable state rules governing filings, such as those

prescribing the time limits for filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*,

360 F.3d 561, 563 (6th Cir. 2004).  The Sixth Circuit ruled that an Ohio prisoner's

post-conviction petition dismissed by the state courts as untimely-filed is not "properly filed"

and, therefore, cannot serve to toll the limitations period under § 2244(d)(2).  *Vroman v. Brigano*,

346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir.

2001), *cert. denied*, 535 U.S. 1088 (2002).  In so holding, the Sixth Circuit emphasized that

deference must be given to the state courts as "the final authority on state law," and that "federal

courts must accept a state court's interpretation of its statutes and its rules of practice."  *Vroman*,

346 F.3d at 603; *Israfil*, 276 F.3d at 771.

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court confirmed that a state

post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed"

and is therefore not subject to statutory tolling under § 2244(d)(2).  The Court in *Pace* concluded

that "time limits, no matter their form, are 'filing' conditions" which must be met for a state

collateral review petition to be deemed "properly filed" under § 2244(d)(2).[12]  *Pace*, 544 U.S. at

---

[12]  The Supreme Court has expressly held "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 414 (*referring to* Carey v. Saffold, 536 U.S. 214, 226 (2002)).

-13-

(1:08-CV-2228)

417.  In so holding, the Supreme Court rejected the argument that "the existence of certain

exceptions to a timely filing requirement can prevent a late application from being considered

improperly filed." *Id.* at 413.  The Court reasoned:

> In common understanding, a petition filed after a time limit, and which does not
> fit within any exceptions to that limit, is no more "properly filed" than a petition
> filed after a time limit that permits no exception.  The purpose of AEDPA's
> statute of limitations confirms this commonsense reading.  On petitioner's theory,
> a state prisoner could toll the statute of limitations at will simply by filing
> untimely state postconviction petitions.  This would turn § 2244(d)(2) into a de
> facto extension mechanism, quite contrary to the purpose of AEDPA, and open
> the door to abusive delay.

*Id.*[13]

As directed by *Pace* and Sixth Circuit case-law interpreting the phrase "properly filed" as

used in § 2244(d)(2), George's untimely filed post-conviction petition was not "properly filed"

within the meaning of § 2244(d)(2).  Therefore, George's state post-conviction petition did not

toll the one-year statute of limitations period beyond the December 18, 2007 expiration date.

### 2.    Writ of *Procedendo*

George's petition for a writ of *procedendo* in the State Court of Appeals and subsequent

appeal to the Supreme Court of Ohio did not toll the statute of limitations.  *See* ECF No. 10-3 at

---

[13]  The Supreme Court was not persuaded by the petitioner's argument challenging the
fairness of the decision to the extent a "petitioner trying in good faith to exhaust state remedies
may litigate in state court for years only to find out at the end that he was never 'properly filed,' "
and thus time-barred in a subsequent federal habeas proceeding.  *Pace*, 544 U.S. at 416.  The
Court stated that a prisoner seeking state post-conviction relief instead could "avoid this
predicament" by "filing a 'protective' petition in federal court and asking the federal court to stay
and abey the federal habeas proceedings until state remedies are exhausted," and that a
petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily
constitute 'good cause' for him to file in federal court."  *Id.*

(1:08-CV-2228)

40-50 (Ex. 33).  The petition for a writ of *procedendo* is not an attack on the petitioner's

judgment such as an application for state post-conviction or collateral review of the judgment

according to 28 U.S.C. § 2244(d)(2)'s tolling provision.  28 U.S.C. § 2244(d)(2) ("The time

during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.").  In general, a writ of *procedendo* is an order from a court of

superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a pending action.

*See State ex rel. Rodak v. Betleski*, 104 Ohio St.3d 345, 348,  819 N.E.2d 703 (Ohio 2004).  The

writ orders the lower court to issue judgment; it does not attempt to determine what the judgment

should be.  *See id.*

        In his petition for a writ of *procedendo*, George requested that the State Court of Appeals

order the trial court judge to issue findings of fact and conclusions of law for the denial of his

post-conviction petition.  This "relief sought" was not for a "review with respect to the pertinent

judgment," but rather, relief outside the realm of George's claims of constitutional violations of

his trial, plea, conviction, or sentence.  The Ohio Supreme Court's decision affirming the State

Court of Appeals' denial supports the fact that George's petition for a writ of *procedendo* was

not a collateral attack on his underlying conviction, but an attempt to order the trial court to issue

findings.[14]

        Therefore, the filing of George's petition for a writ of *procedendo* and the related

_____

        [14]  The Supreme Court of Ohio found that the trial court in George's case had no duty to
issue findings of fact and conclusions of law; therefore, relief *via* a writ of *procedendo* was not
available.  *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 889 N.E.2d 533 (Ohio 2008).

(1:08-CV-2228)

proceedings did not toll the one-year statute of limitations period beyond the December 18, 2007

expiration date.

### 3. Section 2244(d)(1)(D)'s Later Start Date

Section 2244(d)(1)(D) provides a habeas petitioner with a later start date for the

limitations period if the petitioner was unable, through the exercise of due diligence, to discover

the factual predicate of his claim. The petitioner bears the burden of proving that he exercised

due diligence, in order for the statute of limitations to begin running from the date he discovered

the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *DiCenzi v. Rose*, 452

F.3d 465, 471 (6thCir. 2006). Respondent argues that George should not benefit from some later

limitations start date pursuant to 28 U.S.C. § 2244(d)(1)(D). George does not directly argue that

he is entitled to a later start date; instead, his petition, traverse, and supplemental pleadings focus

primarily on equitable tolling (which is discussed below).

Although the untimely filing of George's federal habeas petition prevents a review of the

merits of his petition, the question of whether George is entitled to a later start date is

unavoidably intertwined with George's claim that the trial court failed to advise him of his

appellate rights.[15] In Ground Two of his federal habeas petition, George complains that the state

trial court failed to inform him of his appellate rights and that the subsequent denial of his

delayed appeal (wherein he raised that error for the first time) violated his due process rights. In

general, federal courts lack jurisdiction to review collateral state proceedings such as a delayed

---

[15] In Ground Two, George alleges that he "was denied his constitutional rights to direct appeal as of right." ECF No. 1 at 4.

(1:08-CV-2228)

appeal.  This Court, however, is permitted to review a claim that the State Court of Appeals, by

denying a delayed appeal, deprived George of a constitutionally protected right.  *See Wolfe v.*

*Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003).[16] [17]

     The record shows that George entered pleas of guilty pursuant to a plea agreement and, as

a result, the trial court imposed a sentence authorized by law.  There is no indication that the plea

agreement included a jointly recommended sentence.[18]  The record also does not show that the

state court judge informed George of his appellate rights nor is there evidence that, at the time he

pleaded guilty, George was otherwise aware of his appellate rights and thus not prejudiced by the

---

    [16]  *Wolfe's* determination that the one-year statute of limitations period may begin for
some petitioners upon the date of discovery of the factual predicate of claim if the petitioner has
shown due diligence in discovering the facts is not binding on this Court.  In the interest of
presenting a full analysis, the undersigned points out that if *Wolfe* were binding, George's
petition would still be time-barred.

    [17]  Other divisions of this Court have adjudicated similar matters and reached near
consistent conclusions.  None of those cases, however, involved a claim of failure to advise of
appellate rights that was *also* time-barred.  *See Thompson v. Sheets*, 2009 WL 2176050 (N.D.
Ohio July 21, 2009) (Zouhary, J.) (recognizing the right to an appeal, but denying the petition
because the petitioner stipulated to his sentence); *Roberts v. Gansheimer*, 2009 WL 1607600
(N.D. Ohio June 3, 2009) (Oliver, J.) (granting the petition for failure to inform petitioner of the
right to appeal); *Holcomb v. Wilson*, 2008 WL 2568303 (N.D. Ohio June 24, 2008 (Katz, J.)
(finding no right to appeal when defendant pled guilty pursuant to a plea agreement with a jointly
recommended sentence); *Thompson v. Wilson*, 523 F.Supp.2d 626 (N.D. Ohio 2007) (Gaughan,
J.) (same); *Wolfe v. Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003) (Spiegel, J.) (same); *cf.
Murphy v. Wilson*, 5:04-CV-02515 (N.D. Ohio filed March 31, 2006) (Adams, J.) (denying
petition when defendant had not been told of his right to appeal but was actually aware of his
appellate rights and suffered no prejudice from the omission).

    [18]  In fact, the trial judge, detailed the existence of the plea agreement and her discretion
and legal requirements in imposing sentence regarding the Burglary count, in particular.  *See, e.g.*
ECF No. 11 at 3, 6, 12 & 13.

(1:08-CV-2228)

omission.[19]   Failure to advise a defendant of his appellate rights is error, if those rights exist.

*Wolfe v. Randall*, 267 F.Supp.2d 743 (S.D. Ohio 2003).

Assuming, *arguendo*, that the State Court's failure to have advised George of his appellate rights entitles George to a later start date, the *latest new start date* would be— the date of George's first motion for delayed appeal.  Using the October 27, 2005 start date instead of May 13, 2005, as discussed above, adds 167 days of tolling to the December 18, 2007 expiration date.[20]   Adding the 167 days, results in George's limitations period ending on June 2, 2008. George did not file his petition for a writ of habeas corpus until September 12, 2008 — over three months after the "later" or extended limitations period ended.  As a result, his petition remains time-barred even after applying the § 2244(d)(1)(D) later start date.  In sum, had George been entitled to a later start date and the resultant 167 additional days of tolling, his petition would still be statutorily time-barred.

### B.  Equitable Tolling

George asserts that he is entitled to equitable tolling.  He claims that he "is actually

---

[19]   During sentencing, the state trial judge referenced George's extensive criminal history. Familiarity with the criminal justice system, alone, is not sufficient to infer knowledge of his appellate rights.  In *Peguero v. U.S.*, 526 U.S. 23, 24 (1999), the defendant asked his attorney about his appeal rights immediately after the sentencing.  The instant record is void of information of that sort.

[20]   Respondent correctly illustrates in his return of writ that even if George is granted a later start date from the latest date (October 27, 2005) that George could reasonably establish as the date he discovered the factual predicate of his claim would still leave his petition time-barred. *See* ECF No. 10 at 15.   The limitations period had run for 167 days from May 13, 2005 to October 27, 2005, the date George filed his first motion for leave to file a delayed appeal. Adjusting the start date to October 27, 2005, allows 167 days to be added on to the original expiration date of December 18, 2007.

(1:08-CV-2228)

innocent of the charge of burglary" due to a defective indictment and that "no reasonable jury

would have found him guilty of burglary."  ECF No. 12 at 5.

### 1.    Traditional Equitable Tolling

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations

when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond that litigant's control.'"  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir.

2005) (*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F3d. 552, 560-

61 (6th Cir. 2000)).  The Supreme Court has stated that a petitioner "seeking equitable tolling

bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.  George

has not established either element of *Pace*.

Regarding the second element of *Pace*, George does not assert that "some extraordinary

circumstance stood in his way" of filing his habeas petition.  Rather he maintains his innocence

due to an allegedly defective indictment that entitles him to equitable tolling.  Therefore, George

does not satisfy *Pace*'s second element.  It is also clear that George does not satisfy *Pace*'s

diligence requirement.  George did not appeal the denial of his first motion for delayed direct

appeal.  Nor did he appeal the State Court of Appeals' affirmation of the denial of his motion to

withdraw his guilty plea.  Additionally, George filed an untimely post-conviction petition that he

failed to appeal.  And then, he filed a motion for leave to amend or supplement that same petition

almost a year and a half after the trial court's denial.  George then pursued a writ of *procedendo*

in the state courts rather than filing a habeas petition in federal court before the expiration of the

(1:08-CV-2228)

one-year limitations period.  Based on the foregoing, George was not diligent in pursuing his rights in state court, but more importantly, he was not diligent in pursuing his rights in federal court.

To expound upon the elements established in *Pace*, the Sixth Circuit in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), set forth the following non-exhaustive factors to consider in determining whether equitable tolling is appropriate: (1) "the petitioner's lack of notice of the filing requirement;" (2) "the petitioner's lack of constructive knowledge of the filing requirement;" (3) "diligence in pursuing one's rights;" (4) "absence of prejudice to the respondent;" and (5) "the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* at 1008-09.  This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases.  *Vroman*, 346 F.3d at 605.

### a.  Petitioner's lack of actual or constructive knowledge or ignorance of the filing requirement

George has not shown that he lacked notice of the one-year limitation period to file his habeas petition, that he was unaware of the § 2244(d) limitation period, or that any ignorance of the legal requirement to timely file his claim was reasonable.  *See Dixon v. Ohio*, 81 Fed. Appx. 851, 853 (6th Cir. 2003) (petitioner's lack of counsel and one month placement in solitary confinement did not excuse lack of diligence in pursuing his claims); *Cobas v. Burgess*, 306 F.3d. 441, 444 (6th Cir. 2002) (inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the statute of limitations).  Accordingly, these factors do not entitle George to equitable tolling or otherwise excuse his tardy petition.

### b.  Lack of diligence in pursuing his rights

-20-

(1:08-CV-2228)

George has not shown that he was diligent in pursuing habeas corpus relief.  George

offers little in his own regard on this factor, claiming instead, that he is not required to prove

diligence because he is actually innocent.  ECF No. 12 at 11.  While actual innocence may toll

the statute of limitations, under certain circumstances, that provision is not applicable based upon

the record in the instant case, as explained in greater detail below.  Alternatively, George relies

upon his filing of a writ of *procedendo* as evidence of his diligence.  ECF No. 12 at 11.

George has failed to prove that he exercised diligence in pursuing federal habeas or any

post-conviction relief.[21]  Neither the filing of the writ of *procedendo* nor his pursuit of any other

state court relief can substitute for lack of diligence in filing the federal habeas corpus petition.

*See Vroman*, 346 F.3d at 605 (finding that diligence in pursuing state post-conviction relief

cannot substitute for lack of diligence in filing the federal habeas corpus petition).  The Sixth

Circuit instructs that the proper inquiry is whether a petitioner was diligent in pursuing federal

habeas relief.  George's failure to file his federal habeas petition while simultaneously pursuing

state court relief demonstrate a lack of diligence.  *See Vroman*, 346 F.3d at 605-06 ("Vroman's

decision to proceed solely to the Ohio Supreme Court, rather than filing his federal habeas

petition and protecting his federal constitutional rights, demonstrates a lack of diligence.").

George's lack of diligence bodes heavily against the application of equitable tolling.

---

[21]  Respondent details multiple instances of George's lack of diligence in challenging his convictions, including his untimely direct appeal from judgment; failure to appeal to the Ohio Supreme Court the denial of his first motion for leave to file a delayed appeal and denial of his motion to withdraw his guilty plea; his untimely state petition for post-conviction relief; and, most egregious of all, that George waited a full year after the Ohio Supreme Court affirmed the denial of his second motion for leave to file a delayed appeal to file the instant habeas petition. ECF No. 10 at 15-16.

(1:08-CV-2228)

### c.      Absence of prejudice to the respondent

Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified.  *Vroman*, 346 F.3d at 605.  Because George has failed to demonstrate the existence of a factor that justifies tolling, the Court does not consider the alleged lack of prejudice.[22]

### 2.      Actual Innocence as a Basis for Equitable Tolling

George emphatically argues that he is entitled to equitable tolling because he is actually innocent of the crime of burglary – the primary offense for which he was charged, convicted and sentenced to seven years of incarceration.  A credible claim of actual innocence may provide an additional basis to equitably toll the § 2244(d)(1) limitation period.  *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).  "In determining whether an applicant has met the requirements for establishing a cognizable claim of actual innocence, we apply the actual-innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim."  *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (*citing Souter*, 395 F.3d at 596).  This standard does not require absolute certainty about the petitioner's guilt or innocence: "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more

---

[22]  Respondent claims that if the Court finds that George demonstrated the existence of a factor that justifies tolling, then he "would certainly suffer prejudice, in terms of time and expense . . . ."  ECF No. 10 at 20 (*citing Steward v. Moore*, 555 F.Supp.2d 858, 878 (N.D. Ohio 2006) (Respondent inadvertently cited the title of the case as "*Steward v. Wilson*.")).

(1:08-CV-2228)

likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *Id.* (*quoting Schlup*, 513 U.S. at 327).

 "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The Supreme Court has cautioned that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.  The petitioner must produce evidence of innocence so strong that the court cannot "have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316.  "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 624 (1998).

George does not present "new" reliable evidence of innocence.  Rather, he attacks the sufficiency of the indictment, arguing that the "indictment failed to include the essential element . . . of the crime of burglary" and "that no reasonable jury would have found him guilty of burglary" because of the missing element.  ECF No. 12 at 5.  This technical argument fails to prove actual, factual innocence.  Rather, it challenges legal sufficiency.  An alleged legal insufficiency does not rise to the level of the actual innocence standard required under *Schlup*, *i.e.*, factual innocence.[23]

---

[23]  Had George pursued a trial by jury, the jury would have received instructions from the court detailing the requirements or elements needed for conviction and not been reliant upon the allegedly faulty indictment. *Williams v. Haviland*, 467 F.3d 527, 534 (6th Cir. 2006) ("It is the

-23-

(1:08-CV-2228)

The greatest failing in George's assertion of a faulty or insufficient indictment argument is that it does not nullify the facts which undergird his pleas of guilty and resulting convictions. George has failed to demonstrate new evidence showing that, more likely than not, any reasonable juror would have reasonable doubt.  *See House*, 547 U.S. at 538.

Instead, of proving actual innocence, the record reflects that George now claims (*via* an affidavit of unestablished reliability) that he was "cajoled" or "railroaded" into pleading guilty to burglary as charged in Count 1.  ECF. No. 6-1 at 3.  This is a much different tone from that George voiced in his first filing with the state court after sentencing.  In that motion for reconsideration, George admitted that he had "caused much harm" and "deeply" apologized to the trial court for his behavior.  At no point in that pleading did he claim actual innocence.  ECF No. 10-2 at 14-16 (Ex. 5).

In this federal habeas proceeding, George takes exception with the term "trespass" in the burglary charge.  He claims he never entered the dwelling where the crime allegedly took place.[24] He does acknowledge, however, that the police report and victim's statement say " I broke the victim's window and reached inside and took her cell phone and ran off and she came out and shot at me down the street." ECF No. 10-2 at 38 (Ex. 10).  Likewise, at sentencing, he did not object when the trial court judge described his crime as did the police report and victim's

_____

*jury instructions*, and not the indictment, that provide notice to the petit jury of the requirements for conviction.").

[24] Ohio law defines trespass as occurring "when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue" or an interference or invasion of a possessory interest in property.  *Abraham v. BP Exploration & Oil, Inc.*, 149 Ohio App.3d 471, 475, 778 N.E.2d  48 (Ohio App. 10 Dist. 2002).

-24-

(1:08-CV-2228)

statement.[25]  Without presenting new evidence to disprove the earlier established facts: that he broke the window and reached inside to take the victim's cell phone, the success of George's claim of actual innocence seems to hinge on the "fact" that he never "enter[ed] [] the dwelling." ECF No. 15 at 2.  Even this legal twist's life comes to a sudden halt when, just a few sentences later, George writes he "attempted to retrieve his belongings when his girlfriend began discharging a firearm, firing shots at [George] before [he] actually entered the residence." ECF No. 15 at 2.

The record reflects that George admitted attempting to "retrieve his belongings" during the incident with the victim.  In fact, he admitted in open court that he "had taken [the victim's] cell phone when he came to the bedroom window." ECF No. 11 at 28.  The record and George's own statements belie his "new" claim that he never "entered" the victim's residence.

According to Ohio law, George committed burglary when he "physically invade[d]" the victim's residence with his arm (trespass) and took her cell phone (theft offense).  *See* O.R.C. § 2911.12.  Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state.  *See Vroman*, 346 F.3d 598, 604.  This case presents no exception to that well-established rule.

None of George's arguments have met the standards set forth in *Souter* and *Schlup* to

---

[25]  The transcript of George's sentencing reflects that, while outside, George broke a window in his girlfriend's home and took her cell phone while hurling threats.  ECF No. 11 at 27-28.  The transcript also shows that George "said that he and his victim were fighting and he broke out the window.  He says: 'I'm not obsessed with her.  I just wanted the rest of my things and she wouldn't give them to me.'"  ECF No. 11 at 29.

(1:08-CV-2228)

prove actual innocence.  Absent compelling equitable considerations, a court should not extend limitations by even a single day.  *See Graham-Humphreys, 209 F.3d at 601*.  This case presents no exception to that rule.

### IV.   Conclusion and Recommendation

Based upon the foregoing analysis, the undersigned Magistrate Judge finds that George's Grounds for Relief are statutorily time-barred pursuant to 28 U.S.C. § 2244(d) and that George's petition is not entitled to traditional equitable tolling under *Pace* and *Dunlap* nor is it entitled to equitable tolling based on actual innocence under *Souter* and *Schlup*.

Accordingly, the undersigned recommends that the petition of Anthony George for a writ of habeas corpus be dismissed in its entirety, with prejudice, as statutorily time-barred pursuant to 28 U.S.C. § 2244(d).


    March 24, 2010                              s/ *Benita Y. Pearson*
Date                                      United States Magistrate Judge



### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); see also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986)*.