**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY GEORGE,** | ) | **CASE NO. 1:08CV2228** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **RICHARD GANSHEIMER, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Anthony George's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts. Petitioner was indicted by the Cuyahoga County, Ohio Grand Jury on nine counts. On March 23, 2005, Petitioner entered a plea of guilty to one count of Burglary, one count of Violating a Protection Order, one count of Criminal Damaging, and one count of Menacing by Stalking. The remaining counts were dismissed. On April 12, 2005, the trial court imposed a term of seven years incarceration on Count One, Burglary, and seventeen months incarceration on Count Five, Menacing by Stalking, to run consecutively. The trial court also imposed a suspended six-month terms of incarceration on Count Two, Violating a Protection Order, and Count Four, Criminal Damaging.

On July 14, 2005, Petitioner filed a Motion to Modify or Reconsider Sentence. The trial court denied Petitioner's Motion on July 25, 2005, and Petitioner did not appeal the trial court's denial. On October 27, 2005, Petitioner filed a Notice of Appeal and a Motion for Leave to File a Delayed Appeal in the Eighth District Court of Appeals. On November 29, 2005, the Court of Appeals denied Petitioner's Motion and Petitioner did not appeal that denial to the Supreme Court of Ohio.

On November 18, 2005, Petitioner filed a Motion to Withdraw Guilty Plea Pursuant to Ohio Criminal Rule 32.1. The trial court denied Petitioner's Motion on November 23, 2005 to which Petitioner filed a Notice of Appeal on December 21, 2005. On October 2, 2006, the Court of Appeals denied Petitioner's Appeal and affirmed the judgment of the trial court. Petitioner did not appeal this decision to the Supreme Court of Ohio. On February 28, 2006, Petitioner filed a Post-Conviction Petition pursuant to O.R.C. § 2953.21and on March 22, 2006, the trial court denied Petitioner's Post-Conviction Petition as untimely filed. Petitioner did not file an appeal of this

decision.

On October 13, 2007, Petitioner filed a Petition for a *Writ of Procedendo* in the Court of Appeals, where he sought an order requiring the trial court to issue Findings of Facts and Conclusions of Law for denying his Post-Conviction Petition. The Court of Appeals issued its opinion denying Petitioner's Petition for the Writ on December 11, 2007. On January 11, 2008, Petitioner filed a Notice of Appeal to the Supreme Court of Ohio. The Supreme Court of Ohio affirmed the judgment of the Court of Appeals on June 11, 2008.

On January 8, 2007, immediately prior to filing his appeal to the Supreme Court of Ohio seeking the *Writ of Procedendo*, Petitioner filed a second Motion for Leave to File a Delayed Appeal of his 2005 conviction and sentence. The Court of Appeals denied leave to file a delayed appeal on February 15, 2007. On March 29, 2007, Petitioner filed a Notice of Appeal Memorandum in Support to the Supreme Court of Ohio. On July 25, 2007, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.

Petitioner's Petition for Writ of Habeas Corpus was signed by Petitioner on September 12, 2008, but the Clerk of Court for the Northern District of Ohio received the Petition for filing on September 19, 2008. The Petition asserted the following claims:

**Ground One**: The trial court lacked subject-matter jurisdiction to accept petitioner's guilty plea where the indictment is defective.

**Ground Two**: Petitioner was denied his constitutional rights to direct appeal as of right.

**Ground Three**: Trial counsel's assistance fail [sic] below the standard of competency required under the 6th Amendment.

3

**Ground Four**: Petitioner's guilty pleas [sic] was unknowingly, involuntarily and unintelligently entered.

On November 3, 2008, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued her Report and Recommendation on March 24, 2010.  Petitioner filed his Objection to Report and Recommendation of the Magistrate Judge on April 7, 2010.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

A judge of the court shall make a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's claims were time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one-year statute of limitation, as set forth in 28 U.S.C. §2244, which states in pertinent part:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge determined that Petitioner's limitations period began to run the day after the thirty-day time period had expired for Petitioner to timely file a direct appeal, which was May 13, 2005. Because Petitioner did not file a timely direct appeal of his sentence, the limitations period began on May 13, 2005. Thus, absent any additional tolling, Petitioner would have been required to file his habeas

5

petition by May 13, 2006, one year later. However, Petitioner filed his first Motion for Leave to File a Delayed Appeal on October 27, 2005, which tolled the limitations period. While that motion was pending before the Court of Appeals, Petitioner filed a Motion to Withdraw Guilty Plea Pursuant to Ohio Criminal Rule 32.1 on November 18, 2005. This motion, and Petitioner's appeal of the trial court's denial, tolled the limitations period as well, until 45 days after the Court of Appeals affirmed the trial court's judgment on October 2, 2006, because Petitioner did not appeal the Court of Appeals decision to the Supreme Court of Ohio.

As the Magistrate Judge's Report and Recommendation makes clear, the limitations period began to run again on the next day, October 3, 2006. It ran for 52 days until January 8, 2007, when Petitioner filed his second Motion for Delayed Direct Appeal. At that point, only 146 days of Petitioner's one-year limitations period remained. The limitations period remained tolled from January 8, 2007, until the Supreme Court of Ohio denied Petitioner leave to appeal on July 25, 2007. Petitioner's first Motion for Delayed Appeal did not effect the continued tolling of the limitations period because the Motion to Withdraw Guilty Plea continued to toll well after the Court of Appeals' denial (and the 45 days in which to appeal) of Petitioner's first Motion for Leave to File a Delayed Appeal.

Without additional tolling, Petitioner's remaining 146 days of the statute of limitations period expired on December 18, 2007. Petitioner filed his Petition for a Writ of Habeas Corpus on September 12, 2008, approximately nine months after the limitations period had ended. Therefore, the Magistrate Judge determined that Petitioner's claims were time-barred.

In his Objection to the Magistrate Judge's Report and Recommendation, Petitioner asserts that mere untimeliness is not automatic to defeat substantial constitutional violations.  The Magistrate Judge correctly points out that the Sixth Circuit ruled that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely-filed is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) ; see also *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002).

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and is therefore not subject to statutory tolling under § 2244(d)(2).  "On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Pace*, 544 U.S. at 416.

Although Petitioner asserts in Ground Two that the trial court failed to inform him of his appellate rights and that the subsequent denial of his delayed appeal violated his due process rights, the Court agrees with the Magistrate Judge in concluding that this Petition is still time-barred.  In determining whether Petitioner is entitled to a later start date because he was not informed of his appeal rights by the trial court, Petitioner bears the burden of showing  that he diligently pursued his rights. The Supreme Court has stated that a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

7

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner has not established either element of *Pace*. Respondent correctly asserts that Petitioner has a substantial number of missed filing deadlines which demonstrates that he is not entitled to a later start date for the statute of limitations.

The Magistrate Judge concluded that even if the failure of the state court to advise him of his appeal rights entitled Petitioner to a later start date, the latest new start date would be the date of Petitioner's first Motion for Delayed Appeal. Using the October 27, 2005 start date instead of May 13, 2005, adds 167 days of tolling to the December 18, 2007 expiration date. Adding the 167 days results in Petitioner's limitations period ending on June 2, 2008. Petitioner filed his Petition for a Writ of Habeas Corpus on September 12, 2008, over three months after the extended limitations period ended. Therefore, this Court agrees with the Magistrate Judge's conclusion that Petitioner's Petition remains time-barred even after applying the § 2244(d)(1)(D) later start date.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation. Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the

Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

  IT IS SO ORDERED.

Date:4/27/2010        s/Christopher A. Boyko
             CHRISTOPHER A. BOYKO
             United States District Judge